UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY J. PIATT,

       Plaintiff,                           Case No. 1:08-cv-415

    vs.                                  Chief Judge Susan J. Dlott
                                        Magistrate Judge Timothy S. Black

TERRY COLLINS, *et al*.,

       Defendants.

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION REQUESTING THAT THE DISTRICT COURT CONTACT THE DEFENDANTS (Doc. 12) BE CONSTRUED AS A MOTION FOR SUMMARY JUDGMENT AND DENIED**

Plaintiff is an inmate who presumably brings this action pursuant to 42 U.S.C. § 1983 for inadequate medical care. This case is now before the Court on several motions: (1) Plaintiff's motion requesting that the District Court contact the Defendants regarding Plaintiff's medical treatment (Doc. 12); and (2) motions to admit documents as supporting evidence (Docs. 11, 18), and Defendant Stalnaker's response (Doc. 21). These motions will be collectively construed as a motion for summary judgment and are ripe for consideration.

### I. FACTUAL BACKGROUND

Plaintiff, an inmate incarcerated at the Southern Ohio Correctional Facility ("SOCF"), initiated this action with a motion for preliminary injunction, alleging that he was denied medical care for kidney problems. (Doc. 1). Defendants are employees of

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

SOCF, to wit: Drs. Sevrey and McWeeney and health care administrator Rhonda Stalnaker. Plaintiff also filed a complaint, alleging that he was denied medical care for his jaw, throat, and pain management, in addition to his kidney problems. (Doc. 8). Plaintiff alleges that despite his repeated requests for medical attention, he has not received proper medical care and is in serious pain. (*Id.*)

In his August 7, 2008 motion currently pending before the Court, Plaintiff requests that the Court "contact Defendants to find out why the medical administration and medical doctors have made him wait over six weeks for medical treatment."[2] (Doc. 12 at 1). In the motion, Plaintiff explains his medical ailments, the steps he has taken to obtain medical care, and Defendants' repeated failures to provide medical care. *Id*. Plaintiff effectively argues the merits of his motion for preliminary injunction and complaint. Accordingly, the undersigned construes the motion as a motion for summary judgment.

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a

---

[2] It would be improper for the Court to "contact Defendants." Rather, this Court can only act upon proof by Plaintiff of his underlying claim. Such proof has yet to be submitted or established.

motion for judgment as a matter of law. The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

"Summary judgment is only appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment - rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.

Because Plaintiff brings this case *pro se*, the Court construes the allegations very liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). Indeed, "a pro se plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences," *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and "*pro se* litigants are not exempted or excused from the Federal Rules governing pleading, dismissal for failure to state claims,

and summary judgment." *Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993).

While a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, this standard, however, has limits. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The limits of this "liberal construction" nonetheless require a *pro se* plaintiff to establish each and every element of her claim. *Celotex*, 477 U.S. at 324. *See also Anderson*, 477 U.S. at 248; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-586 (1986).

## III. ANALYSIS

### A. Documents Submitted as Supporting Evidence

Plaintiff has filed two motions requesting that this Court admit various documents as evidence.[3] (Docs. 11, 18). Defendant Stalnaker claims that these documents should not be admitted as evidence because: (1) they do not meet authenticity requirements pursuant to Fed. R. Evid. 901(a);[4] (2) the requested documents violate the hearsay rule pursuant to Fed. R. Evid. 803 and 804; and (3) the documents were not filed in

---

[3] These documents include, for example: responses to kites about medical treatment, correspondence with the Ohio Justice Policy Center, correspondence from the Inspector and Chief Inspector regarding grievances, and Plaintiff's unauthenticated declarations. (*See* Docs. 11, 18). It is important to note that there is no indication that any discovery has been conducted in this case or that Plaintiff provided these documents to Defendants in discovery.

[4] "The requirement of authentication or identification [is] a condition precedent to admissiblity" *Id*.

connection with any proceeding or motion in violation of S.D. Ohio Civ. R. 5.4(a).[5] The undersigned agrees.

This Court will not admit Plaintiff's documents as evidence because they: (1) contain inadmissible legal conclusions, opinions, and hearsay; (2) do not comply with S.D. Ohio Civ. R. 7.2(e); and (3) have not been authenticated in violation of Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e).

Regarding attachments to memoranda, S.D. Ohio Civ. R. 7.2(e) conspicuously provides that: "Evidence ordinarily shall be presented, in support of or in opposition to any Motion, using affidavits, declarations pursuant to 28 U.S.C. § 1746, deposition excerpts, admissions, verified interrogatory answers, and other documentary exhibits." Plaintiff's motions (Docs. 11, 18) attach unauthenticated, unsworn documents in violation of the Federal Rules of Civil Procedure and S.D. Ohio Civ. R. 7.2(e).

Additionally, Plaintiff's unauthenticated documents will not be admitted as evidence because Fed. R. Civ. P. 56(e) requires that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. If a paper of part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." Plaintiff failed to submit any properly

---

[5] "If, in connection with any proceeding or motion before the Court, it becomes necessary to use any discovery document (i.e., disclosures under Fed. R. Civ. P. 26(a)(1), interrogatories, requests for documents or to permit entry upon land, notices of deposition, or requests for admissions) such discovery document may be filed." *Id.*

authenticated affidavits. The Sixth Circuit has held that "documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded." *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993).

   **B. Motion for Summary Judgment**

   To prevail on an Eighth Amendment claim of inadequate medical care, Plaintiff must present admissible evidence to show that Defendants were deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hicks v. Frey*, 992 F.2d 1450, 1454-55 (6th Cir. 1993). Plaintiff has failed to date to present admissible evidence showing that Defendants "disregarded a serious risk of harm to Plaintiff." *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834).

   Plaintiff's motion, construed as a motion for summary judgment, should be denied because the record is devoid of any evidence to show the absence of disputed facts. In his motion, Plaintiff merely explains his claims. Plaintiff does not properly submit evidence that Defendants were deliberately indifferent to his medical needs. Even if this Court did admit Plaintiff's evidence (Docs. 11, 18, Exs.), Plaintiff would still fail to evidence that Defendants disregarded a serious risk of harm to Plaintiff. Additionally, Plaintiff has not shown that any action or inaction by any Defendant was the proximate cause of any injury he suffered. Furthermore, the Court may not, at this stage of the litigation, determine that Plaintiff's factual allegations are credible. *See Keweenaw Bay Indian Comm.*, 477 F.3d at 886.

Accordingly, Plaintiff has not met his initial burden of showing that he is entitled to summary judgment as a matter of law.

## IV. CONCLUSION

Accordingly, **IT IS THEREFORE RECOMMENDED THAT** Plaintiff's motion that the district court contact the Defendants (Doc. 12) and motions to admit documents (Docs. 11, 18) (collectively construed as a motion for summary judgment), be **DENIED**.

DATE: February 12, 2009                                s/ Timothy S. Black
                                                      Timothy S. Black
                                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY J. PIATT,

      Plaintiff,

  vs.

TERRY COLLINS, *et al.*,

      Defendants.

Case No. 1:08-cv-415

Chief Judge Susan J. Dlott
Magistrate Judge Timothy S. Black

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).