UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY J. PIATT,　　　　　　　　　　　　　Case No. 1:08-cv-415

　　　　Plaintiff,　　　　　　　　　　　　　Chief Judge Susan J. Dlott
　　　　　　　　　　　　　　　　　　　　　Magistrate Judge Timothy S. Black
vs.

TERRY COLLINS, *et al.*,

　　　　Defendants.

### REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE COMPLAINT (DOC. 19) BE GRANTED AND PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (DOC. 24) BE DENIED

Now before the Court are: (1) Plaintiff's motion for leave to add supplemental facts to the complaint (Doc. 19) and Defendants' response clarifying the purpose of Plaintiff's motion but offering no objection (Doc. 20); and (2) Plaintiff's motion to amend the complaint (Doc. 24) and Defendants' memorandum in opposition (Doc. 35).

### I.　　BACKGROUND FACTS

Plaintiff, an inmate incarcerated at the Southern Ohio Correctional Facility ("SOCF"), initiated this action with a motion for preliminary injunction, alleging that he was denied medical care for kidney problems in violation of the Eighth Amendment. (Doc. 1). Defendants are employees of SOCF, to wit: Drs. Sevrey and McWeeney and health care administrator Rhonda Stalnaker. Plaintiff also filed a complaint, alleging that

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

he was denied medical care for his jaw, throat, and pain management, in addition to his kidney problems. (Doc. 8). Plaintiff alleges that despite his repeated requests for medical attention, he has not received proper medical care and is in serious pain. (*Id.*)

In his motion to supplement the complaint (Doc. 19), Plaintiff alleges additional events that happened after he filed his complaint that pertain to his kidney problems and pain. (*Id.*) From the language in the motion and facts alleged, it does not appear that Plaintiff requires to amend the complaint to add additional parties or claims, rather he simply requests to add additional facts to support his already asserted claims based on events that happened after initial complaint was filed. These additional facts support the claim that Plaintiff was denied medical care for kidney problems and pain. (*See* Doc. 8). To the extent that Plaintiff requests to *supplement* the complaint rather than *amend* the complaint, Defendants have no objections. (Doc. 19).

In his motion to file an amended complaint (Doc. 24), Plaintiff seeks to add an additional claim concerning a slip and fall in the shower at SOCF in late August 2009. As a result of this accident, Plaintiff claims he signed up for nurses' sick call on September 2, 2008 and was scheduled for doctors' sick call. (Doc. 24 at 2). However, after seven weeks, he still had not been seen by a doctor. (*Id.*) In response to this passage of time, Plaintiff sent an Information Complaint Resolution ("ICR") to Defendant Rhonda Stalnaker the week of October 20, 2008. (*Id.* at 2). Plaintiff alleges that he was seen at doctors' sick call on October 30, 2008. (*Id.* at 4).

Plaintiff also alleges misconduct by Correctional Officer Stalnaker, who is not a named Defendant in this case. (Doc. 24 at 4). Plaintiff claims that CO Stalnaker made threats toward him, but offers no other allegations or any representation that he exhausted administrative grievances against CO Stalnaker. (*Id*.)

## II. STANDARD OF REVIEW

Leave to amend a complaint shall be freely granted when justice requires. Fed. R. Civ. P. 15(a). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987). However, denial of a motion to amend is proper if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6). *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007).

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Id*.; *see also, Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005) (noting that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally

-3-

cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## III. ANALYSIS

Defendants claim that the motion to amend the complaint (Doc. 24) should be denied because "futility of the amendment exists.*" See Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970 (6th Cir. 1973) (motion to amend should be denied when "futility of the amendment exists"). Plaintiff failed to allege any facts that connect Defendant Stalnaker with the reported delay of medical care.

In order to establish a civil rights violation, a plaintiff must show that a defendant caused him to endure some type of colorable injury to his protected federal rights. *Glass Bros., Inc. v. Brooks*, 436 U.S. 149, 155-157 (1978). Additionally, Plaintiff must show that a prison official knew of and disregarded a substantial risk of serious harm to establish medical deliberate indifference against such an official. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In his motion to amend, Plaintiff admitted that within one week of complaining to Defendant Stalnaker, he was seen by the doctor. (Doc. 24 at 4). Accordingly, this new claim would fail.

Plaintiff's claim against CO Stalnaker would also fail because Plaintiff did not exhaust his administrative remedies by using the grievance system to report CO Stalnaker's alleged threats. Under 42 U.S.C. § 1997e, a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Woodford v. Ngo*, 126 S. Ct. 2378 (2006), the Supreme Court held that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules." Thus, compliance with prison grievance procedures is required by the PLRA to "properly exhaust." *Jones v. Bock,* 127 S.Ct. 910, 922-23 (2007). Accordingly, Plaintiff would not prevail on a claim against CO Stalnaker.

## IV.   CONCLUSION

**IT IS THEREFORE RECOMMENDED THAT**:

(1)  Plaintiff's motion for leave to supplement the complaint (Doc. 19) be **GRANTED** and Plaintiff be permitted to file a complaint identical to Doc. 8, with the addition of the supplemental facts included in Doc. 19; and

(2) Plaintiff's motion for leave to amend the complaint (Doc. 24) be **DENIED**.

**IT IS SO RECOMMENDED.**


Date: April 13, 2009                                    s/ Timothy S. Black
                                                        Timothy S. Black
                                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY J. PIATT

        Plaintiff,                                     Case No. 1:08-cv-415

  vs.                                             Chief Judge Susan J. Dlott
                                                  Magistrate Judge Timothy S. Black

TERYY COLLINS, *et al.*,

        Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).