UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BILLY J. PIATT, | : | Case No. 1:08-cv-415 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| TERRY COLLINS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT THE ATTORNEY GENERAL'S
MOTION TO DISMISS (Doc. 42) BE GRANTED**

This case is currently before the Court on the Attorney General's motion to

dismiss Dr. Sevrey and Dr. McWeeney as parties. (Doc. 42). Plaintiff did not respond to

the motion to dismiss. (*See* Doc. 43).

## I. FACTUAL BACKGROUND

Plaintiff Billy Jack Piatt is a prisoner in the custody of the Ohio Department of

Rehabilitation and Correction ("ODRC") incarcerated at Southern Ohio Correctional

Facility ("SOCF") in Lucasville, Ohio. Plaintiff filed this action against Dr. Martin

Sevrey, Dr. James McWeeney, and Rhonda Stalnaker, Health Care Administrator,

alleging violations of his civil rights. On August 1, 2008, this Court ordered the United

States Marshal to serve a copy of the complaint, summons, and the Court's order to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and
Recommendation.

Defendants Sevrey, McWeeney, and Stalnaker.  (Doc. 9).

Health Administrator Stalnaker was properly served, and on November 7, 2008,

Ms. Stalnaker's Answer was filed with the Court.  However, neither Dr. Martin Sevrey

nor Dr. James McWeeney have been served in this case.  Since it had been well over 120

days and service had not been effectuated by either the Plaintiff or the U.S. Marshal,

the Attorney General filed a motion to dismiss Defendants Sevrey and McWeeney as

parties to the case pursuant to Fed. R. Civ. P. 12(b)(5).  (Doc. 42).  Because Plaintiff did

not respond to the motion, the Court issued an Order directing Plaintiff to show cause

why the motion should not be construed as unopposed and granted.  (Doc. 43).  Plaintiff

was ordered to respond to the show cause order by October 14, 2009, but he has failed to

do so.

## II.    ANALYSIS

Plaintiff's failure to respond to the order to show cause warrants dismissal of this

action for lack of prosecution and for failure to comply with an order of the Court.  *See*

*Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (district courts have an inherent power

to *sua sponte* dismiss civil actions for want of prosecution); *see also Jourdan v. Jabe*, 951

F.2d 108, 109-110 (6th Cir. 1991).

Dismissal is also warranted on the merits, because Plaintiff has failed to comply with

service of process requirements pursuant to Fed. R. Civ. P. 4(e) and (j).

Fed. R. Civ. P. 4(m) requires a plaintiff to serve a copy of the summons and the

complaint on the defendants within 120 days after filing the complaint.  Plaintiff filed the

complaint on August 1, 2008, and, therefore, Defendants needed to be served by December 1, 2008. Defendants Sevrey and McWeeney still have not been properly named or served. Moreover, the Attorney General's motion to dismiss and the Court's Show Cause Order put Plaintiff on notice that his service of process was deficient, yet he has corrected this deficiency.

## IV.    CONCLUSION

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that the Attorney General's motion to dismiss (Doc. 42) be **GRANTED**, and Defendants Dr. Martin Sevrey and Dr. James McWeeney be dismissed as parties to this case.


Date: October 26, 2009                           s/ Timothy S. Black
                                                   Timothy S. Black
                                                   United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BILLY J. PIATT, | : | Case No. 1:08-cv-415 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| TERRY COLLINS, *et al.*, | : | |
| | : | |
| Defendant. | : | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **10 DAYS** of the filing date of

this R&R. That period may be extended further by the Court on timely motion by either side

for an extension of time. All objections shall specify the portion(s) of the R&R objected to,

and shall be accompanied by a memorandum of law in support of the objections. A party

shall respond to an opponent's objections within **10 DAYS** after being served with a copy of

those objections. Failure to make objections in accordance with this procedure may forfeit

rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d

947 (6th Cir. 1981).