**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BILLY J. PIATT,
Plaintiff

vs

TERRY COLLINS, et al.,
Defendants.

Case No. 1:08-cv-415
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to medical needs in violation of his constitutional rights. The only remaining defendant in this action is Rhonda Stalnaker, the SOCF Healthcare Administrator. This matter is before the Court on defendant Stalnaker's motion for judgment on the pleadings (Doc. 49), to which plaintiff has not responded.

**I. Motion for Judgment on the Pleadings Standard**

In determining a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Commn.*, 946 F.2d 1233, 1235 (6th Cir. 1991). *See also JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007). Where a Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted is raised by a Rule 12(c) motion for judgment on the pleadings, the Court must apply the standard for a Rule 12(b)(6) motion. *Fritz*, 592 F.3d at 722; *Morgan v.*

*Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir. 1987).

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Pleadings by a pro se litigant must be liberally construed and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted).

**II. Defendant Stalnaker's motion for judgment on the pleadings should be granted.**

Defendant Stalnaker seeks judgment on the pleadings asserting that plaintiff's complaint alleges no personal involvement on the part of Stalnaker in the alleged denial of medical care and therefore fails to state a claim for relief under the Eighth Amendment.

In order to state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 106. Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983. *Westlake*, 537 F.2d at 860-61 n.5. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Although plaintiff's complaint asserts facts concerning the alleged denial of medical care by prison physicians, the only allegation in the complaint concerning defendant Stalnaker states, "I've repeatedly asked the medical doctors Severy and McWeeney and Health Care administrator Ms. Stalnaker to help me with the sever (sic) pain and suffering that I've been experiencing and they have continued to refuse to do anything about the issues of pain and treating my illnesses as a long term chronic care medical issue." (Doc. 8 at 9). Plaintiff's allegation against defendant Stalnaker is tantamount to an unadorned "the-defendant-unlawfully-harmed-me accusation" prohibited by *Iqbal*, 129 S.Ct. at 1949. The informal complaints attached to plaintiff's complaint indicate that defendant Stalnaker responded to plaintiff's grievances about his medical care, albeit not to his satisfaction. This does not amount to deliberate indifference to serious medical needs and is in reality an assertion of vicarious liability against defendant Stalnaker. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. " *Iqbal*, 129 S.Ct. at 1948. "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citation omitted), cert. denied, 530 U.S. 1264 (2000). The fact that a supervisor denied an administrative grievance and failed to remedy allegedly unconstitutional behavior is insufficient to support a claim under §1983. *Shehee,* 199 F.3d at 300. *See also Tipton v. Correctional Medical Services, inc.,* No. 1:08-cv-421, 2009 WL 2135226, at *4 (W.D. Mich. July 15, 2009). Therefore, plaintiff's claims against defendant Stalnaker should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant Stalnaker's motion for judgment on the pleadings (Doc. 49) be **GRANTED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: Oct. 18, 2010

Karen L. Litkovitz
Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BILLY J. PIATT,
Plaintiff

vs

TERRY COLLINS, et al.,
Defendants

Case No. 1:08-cv-415
Dlott, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Billy Jack Piatt #424-263
SOCF
PO Box 45699
Lucasville, OH 45699

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☒ Agent
☐ Addressee

B. Received by (*Printed Name*)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
(*Transfer from service label*) 7002 3150 0000 8389 9005

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

1:08cv415 (Doc.55)